**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Rene Leeman,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-18-00551-TUC-JGZ<br><br>**ORDER** |

  On May 15, 2023, Petitioner Angela Rene Leeman filed a First Amended Petition for a Writ of Habeas Corpus. (Doc. 27.) On June 7, 2023, the Petitioner and the State of Arizona filed a Motion for Order and Judgment Granting Writ of Habeas Corpus Pursuant to Agreement of the Parties. (Doc. 34.) In the stipulated Motion, the parties requested that the Court grant relief as to Petitioner's Amended Claim One and order Petitioner's unconditional release from confinement. (*Id.* at 2.)

  On April 12, 2024, Magistrate Judge Lynette Kimmins issued a Report & Recommendation (R&R) in which she recommended denial of the stipulated Motion. (Doc. 46.) The Petitioner filed a timely objection to the R&R. (Doc. 49.)[1] For the following

---

[1] Rule 72(b)(2), Fed. R. Civ. P., provides 14 days to serve and file written objections to a report and recommendation and 14 days to respond to another party's objections. The Respondents did not object to the R&R, but requested an extension of time to respond to the Petitioner's Objections, which the Court granted. (Doc. 50.) However, the Respondents' June 6, 2024 filing is not a response to the Petitioner's Objections; it is an untimely objection to the R&R. (Doc. 62.) In the filing, the Respondents do not address Petitioner's objections; Respondents argue that the Magistrate Judge erred in her recommendation. (*See* Doc. 62.) Because the filing is an objection to the R&R, and because the time for filing objections expired, the Court will not consider the Respondents'

reasons, the Court will accept Judge Kimmins' R&R in full and deny the Motion.

## I.   R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

## II.   Factual and Procedural History

The R&R describes the factual and procedural history of this case. (Doc. 46 at 1-5.) Because there is no objection to this portion of the R&R, the Court adopts it in its entirety. For the purposes of this Order, the Court briefly summarizes the factual and procedural history relevant to its analysis.

### A.   Petitioner's Conviction and Sentencing

In 1994, the Petitioner was indicted on sixteen criminal charges, fourteen of which were charged under the Arizona child abuse statute (Counts 1-14). The Petitioner was convicted on all child abuse counts except Count 4, which was dismissed prior to trial. (Doc. 46 at 1-2.) The Petitioner was sentenced to 20 years' imprisonment for Count 1 and

---

Response. The Court does note that the arguments presented in Respondents' filing were arguments presented to Magistrate Judge Kimmins.

30 years for Count 8, the two charges that qualified as dangerous crimes against children, to run consecutively to all other sentences. (*Id.* at 3.) All other terms were imposed concurrently, with the longest terms being 11 years for Counts 5-7, for a total sentence of 61 years' imprisonment. (*Id.*)

### B.     Procedural History

The Petitioner initiated this habeas proceeding in November 2018. (Doc. 1.) After the Respondent answered in March 2019, the Court granted an unopposed stay to allow the Petitioner to exhaust additional claims in state court. (*Id.*) There, the Petitioner argued that her multiple sentences violated Double Jeopardy, and that thirteen separate counts were for one act of child abuse—a continuous course of failing to provide care. (*Id.* at 4.) The PCR court ruled that the petition was untimely and the Arizona Court of Appeals affirmed. (*Id.*) In response to the Petitioner's petition to the Arizona Supreme Court, the State conceded that some of the counts were multiplicitous and asked the supreme court to vacate the sentences and remand for resentencing. (*Id.*) The Arizona Supreme Court vacated the appellate court's decision and remanded to the PCR court to address the issue of multiplicity. (*Id.*)

In a supplemental brief to the PCR court, the Petitioner argued that her convictions on Counts 2, 3, and 5-14 were multiplicitous to Count 1. (*Id.*) Further, she argued that the trial evidence as to Count 1 established only that she committed a single offense—failing to get medical attention for her son. (*Id.*) Petitioner argued that because this failure was a crime of omission, it was necessarily a continuing offense terminating at the time she took her son to the hospital. (*Id.*) In its supplemental brief, the State argued that Counts 5-13 were multiplicitous of one another and Count 3. The State stood by the Petitioner's convictions as to Counts 1, 2, and 14, but argued that the Petitioner's failure to protect her son was one crime, not ten. (*Id.* at 5.) The PCR Court disagreed that the charges were multiplicitous and denied relief. (*Id.*) The Arizona Court of Appeals granted review but denied relief. (*Id.*) The Arizona Supreme Court denied review. (*Id.*)

In April 2023, after the completion of the state court proceedings, this Court lifted its stay. (*Id.*) In June 2023, the Petitioner amended her petition for writ of habeas corpus, and the parties filed the pending motion to grant the writ. (*Id.*) In the motion, the parties request relief as to Claim 1 and state that Petitioner agrees to withdraw the remaining claims if the relief is granted. (*Id.*) Claim 1 alleges Petitioner's convictions on Counts 5 through 13 violate double jeopardy because the conduct underlying those counts also underlies Count 1. (*Id.*) At oral argument before the Magistrate Judge, the parties narrowed the basis for their request for relief, asserting that Counts 1 and 8 could have been premised on the same harm to the victim. (*Id.*)

On April 12, 2024, after additional briefing and records review (*see* Docs. 35, 36, 39, 43, 44, & 45), Magistrate Judge Kimmins issued her R&R concluding Count 1 is not multiplicitous with Count 5-13; the prohibition against double jeopardy was not violated by Petitioner's convictions or sentences; and the PCR court's denial of the double jeopardy claim did not involve an unreasonable application of clearly established Supreme Court law. (Doc. 46 at 17.)

In her Objection, Petitioner argues that Magistrate Judge Kimmins erred by: (1) failing to accord appropriate weight to the Respondents' confession of error; (2) misinterpreting Arizona law; and (3) failing to recommend a certificate of appealability. (Doc. 49 at 2.) Having reviewed the Petition, briefing, and record, this Court finds that the Petitioner is not entitled to relief on Double Jeopardy grounds, and will accept the R&R in full.

**III.   Analysis**

    **A.   First Objection – Failure to Give Weight to Petitioner's Agreement with the State**

Petitioner asserts that Magistrate Judge Kimmins erred because **"[**t]he Attorney General and [the Petitioner] agree that the State relied on the very same conduct for two counts." (Doc. 49 at 2.) Petitioner argues that the Warden's confession of error confirms that she is entitled to relief. (*Id.*) This argument is understandable, but not persuasive.

As Magistrate Judge Kimmins explained, regardless of the parties' agreement, 28 U.S.C. § 2254(d)(1) authorizes the Court to grant habeas relief on any claim adjudicated on the merits by the state court *only if* that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The Court agrees with Magistrate Judge Kimmins that the state court reasonably applied federal law in holding Petitioner's convictions do not violate double jeopardy because each count requires the jury to find proof of a fact that the other does not. While "great weight" should be given to an admission of error, an admission does not relieve a court of judicial function. *Sibron v. New York*, 392 U.S. 40, 58 (1968). As the Supreme Court stated in *Sibron*, "For us to accept [the District Attorney's confession of error] blindly in the circumstances…would be a disservice…and an abdication of our obligation to lower courts to decide cases upon proper constitutional grounds in a manner which permits them to conform their future behavior to the demands of the Constitution." *Id.* at 58-59.

### B.     Second Objection – Multiplicitous charges

The Petitioner argues that because A.R.S. § 13-3623, the statute under which the Petitioner was charged, is an "alternative means" statute, all counts charged under the statute were necessarily a single offense. (Doc. 49 at 3.) The Petitioner asserts that the appropriate question under Double Jeopardy should have been whether the multiple counts charge separate crimes of child abuse or they assert "alternative means" for a single offense. (*Id.*) Because the State concedes it is the latter, Petitioner reasons that "the alleged acts 'amounted to a single criminal transaction.'" (*Id.*)  Petitioner faults the Magistrate Judge for not adopting the State's view of the charges, and considering instead whether each separate offense could be sustained on the record. (*Id.* at 3-4.)

The first part of Petitioner's objection—that the Court must accept the State's confession of error—repeats the argument in Objection 1. As discussed above, neither

- 5 -

agreement by the parties nor admission of error by the prosecutor relieves this Court, nor any other, of its judicial duties. *See Sibron*, 392 U.S. at 58; *see also State v. Johnson*, 122 Ariz. 260, 265 (1979).

The Court disagrees with the second part of the Objection—that Magistrate Judge Kimmins' analysis was erroneous—and concludes Judge Kimmins correctly analyzed the Petitioner's Double Jeopardy Claim. Magistrate Judge Kimmins considered whether the harm underlying Count 1 is separate and distinct from the harms underlying Counts 5-13. She undertook a legislative intent analysis, evaluating whether the Arizona legislature intended for the same act to be charged under the same statute, including examining the legislature's definition of "allowable unit of prosecution" for the particular offense, and she examined Arizona cases addressing whether charged acts of child abuse were separate acts. (Doc. 46 at 7-9, 12-13.) Magistrate Judge Kimmins applied these standards to determine whether the jury's finding on Count 1 could have been based on the harm underlying Counts 5-13, and concluded that it could not. She correctly noted that Counts 5-13 pertain to a specific and distinct harm that the Petitioner knowingly caused or permitted, e.g., the fracture to her son's humerus in Count 8. (*Id.*) She noted that the jury instructions for Count 1 contained an additional separate and distinct element from Counts 5-13, namely endangerment. (*Id.* at 10-11, 16-17.) After a thorough review of the record, Magistrate Judge Kimmins found that there was no evidence of endangerment as to Counts 5-13. In her Objection, Petitioner fails to identify any evidence of endangerment—that the delay in obtaining care "increased the child's risk of harm"—as to these counts. (*Id.* at 10.)

**C.**    **Third Objection – Failure to grant Certificate of Appealability**

The Petitioner's third objection is that Magistrate Judge Kimmins failed to recommend a certificate of appealability (COA). However, the R&R does not resolve the entirety of the petition and Petitioner did not request a COA. *See* 28 U.S.C. § 2253(c)(2) (appeal from final order requires COA that the applicant has made a substantial showing of the denial of a constitutional right). Magistrate Judge Kimmins could not have erred in

neglecting to recommend relief that was not requested.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Petitioner has failed to demonstrate that she is entitled to relief on Claim 1 on Double Jeopardy Grounds.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 46) is accepted in full and the Petitioner's Objections are overruled.

**IT IS FURTHER ORDERED** that the Motion for Order and Judgment Granting Writ of Habeas Corpus Pursuant to Agreement of the Parties (Doc. 34) is **denied**. This case is referred back to Magistrate Judge Lynette Kimmins for further proceedings and report and recommendation on the Petitioner's remaining claims in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1 and 72.2.

Dated this 20th day of June, 2024.

Jennifer G. Zipps
United States District Judge