**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Rene Leeman, | No. CV-18-00551-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On May 15, 2023, Petitioner Angela Rene Leeman filed a First Amended Petition for a Writ of Habeas Corpus. (Doc. 27.) On June 7, 2023, the Petitioner and the State of Arizona filed a Motion for Order and Judgment Granting Writ of Habeas Corpus Pursuant to Agreement of the Parties. (Doc. 34.) In the stipulated Motion, the parties requested that the Court grant relief as to Petitioner's Amended Claim One and order Petitioner's unconditional release from confinement. (*Id*. at 2.) On April 12, 2024, Magistrate Judge Lynette Kimmins issued a Report & Recommendation (R&R) in which she recommended denial of the stipulated Motion and Claim One. (Doc. 46.) On June 6, 2024, this Court adopted the R&R, concluding Petitioner is not entitled to relief on Claim One. (Doc. 53.)

On August 2, 2024, the Respondents filed their Answer to the First Amended Petition as to the remaining claims - Claims Two, Three, and Four. (Doc. 56.) On December 16, 2024, Magistrate Judge Kimmins issued an R&R in which she recommended denial of those claims. (Doc. 57.) The Petitioner filed an objection to the R&R, and Respondents

filed a response. (Docs. 63, 64.)[1] For the following reasons, the Court will accept the R&R in full, overrule the Petitioner's objections, and deny the First Amended Petition.

I. **Standard of Review**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to object. *See Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019).

II. **Factual and Procedural History**

The R&R describes the factual and procedural history of this case. (Doc. 57 at 1-3.) Because there is no objection to this portion of the R&R, the Court adopts it in its entirety.

III. **Analysis**

A. **Objections Regarding Claim Two**

In Claim Two, Petitioner argues that, as a juvenile nonhomicide offender, her 61-year cumulative sentence amounts to a life sentence without the possibility of parole, in violation of *Graham v. Florida*, 560 U.S. 48 (2010). (Doc. 27 at 23-26.) The R&R recommends rejecting Claim Two as untimely and on the merits. (Doc. 63 at 4-5.) The Court agrees that the claim fails as to timeliness and merit.

---

[1] Although Respondents call their response a "reply," it is a response. *See* Rule 72, Fed. R. Civ. P. The R&R allowed for a response but prohibited a reply absent leave of the district court. (Doc. 57 at 18.)

**1. Timeliness**

Petitioner does not deny that Claim Two is untimely, but argues that, because she is innocent of the sentence imposed, "any problem with the statute of limitations must be excused." (Doc. 63 at 5.) In support, Petitioner cites *Sawyer v. Whitley*, 505 U.S. 333, 330-340 (1992), an opinion which discusses the requirements of an actual innocence claim in a capital case. However, even assuming the same standard were applicable here, the Petitioner concedes her argument is foreclosed by Ninth Circuit precedent. *See Atwood v. Shinn*, 36 F.4th 834, 837 (9th Cir. 2022). The Court accepts the R&R's analysis and concludes that the Petitioner's request for relief in Claim Two is untimely.

**2. Merits**

The R&R recommends rejecting Petitioner's Claim Two because there is no clearly established law that a 61-year sentence is the functional equivalent of a life sentence without the possibility of parole. (Doc. 57 at 9-10.) The Petitioner objects to the R&R's conclusion, arguing that her sentence does not give her the "meaningful opportunity to return to society" as contemplated in *Graham* and *Moore v. Biter*, 725 F.3d 1185 (9th Cir. 2010). (Doc. 63 at 4-5.)

In both *Graham* and *Moore*, the juvenile petitioners were sentenced to terms that would preclude *any* opportunity to obtain release during the juveniles' natural lives. *See Graham*, 560 U.S. at 57 (juvenile nonhomicide offender sentenced to life without the possibility of parole); *Moore*, 725 F.3d at 1193-94 (juvenile nonhomicide offender sentenced to 254 years with eligibility for parole after 127 years). Here, the Petitioner may be released on July 12, 2051, when she is in her mid-seventies. (Doc. 57 at 8; Doc. 63 at 4.) The Supreme Court has differentiated between a life sentence without the possibility of parole and a lengthy term-of-year sentence where a juvenile offender has the possibility of release during his lifetime. *See Miller v. Alabama*, 567 U.S. 460, 489 (2012) (lengthy terms for juveniles impliedly constitutional as opposed to mandated life sentences without parole). The Ninth Circuit has similarly held that a juvenile offender's lengthy term-of-year sentence is not the "functional equivalent" of a life sentence without parole.

*Demirdjian v. Gipson*, 832 F.3d 1060, 1076 (9th Cir. 2016) (holding that a 50-year sentence for a juvenile is not the "functional equivalent" of a life sentence without the possibility of parole). A "State is not required to *guarantee* eventual freedom to a juvenile offender convicted of a nonhomicide crime." *Graham*, 560 U.S. at 75 (emphasis added).

The Court agrees with the R&R. There is no Supreme Court case supporting Petitioner's claim that a 61-year sentence for a juvenile is the functional equivalent of life without the possibility of parole. Accordingly, relief may not be granted. *See Carey v. Musladin*, 549 U.S. 70, 74 (2004) (finding that the absence of a Supreme Court case addressing the factual circumstances of the case precluded relief on the merits because the state court ruling could not be contrary to or an unreasonable application of federal law).

**B. Objection Regarding Claim Three**

In Claim Three, Petitioner alleges that her sentence was premised on false information in violation of her Fifth and Fourteenth Amendment rights. (Doc. 33-3 at 26.) The R&R concludes that Claim Three is subject to dismissal due to the absence of clearly established Supreme Court law. (Doc. 57 at 13.) The R&R explains that the case which the Petitioner relies on, *United States v. Tucker*, 404 U.S. 443 (1972), is factually distinguishable. In her Objection, Petitioner contends the R&R construes the "clearly established" requirement of AEDPA too narrowly. (Doc. 63 at 6.) According to Petitioner, under *Tucker,* due process is violated if a defendant "'[is] sentenced on the basis of assumptions concerning [her] criminal record which were materially untrue.'" (*Id.*, Doc. 33-3 at 26-33.)

In *Tucker*, the Supreme Court found a due process violation where the sentencing judge gave explicit consideration to the defendant's previous convictions including two convictions that were determined to be constitutionally invalid because they were obtained while the defendant was unrepresented, in violation of *Gideon v. Wainright*, 372 U.S. 335 (1963). In contrast, Petitioner argues that the sentencing judge improperly discounted her allegations of severe childhood abuse as a result of her aunt falsely testifying that Petitioner was a "pathological liar." (Doc. 26 at 26-29.) Petitioner states that the sentencing judge

was not aware that her aunt was involved in a fraud and murder-for-hire plot, and did not have access to other corroborating information. (*Id.*)

The R&R concludes that the Supreme Court has not extended *Tucker's* holding beyond the facts of the case. (Doc. 57 at 12-13.) Petitioner does not cite to any caselaw or legal authority where the rule in *Tucker* has been applied to situations other than a sentencing court's improper reliance on invalid uncounseled convictions. Notably, the Supreme Court has declined to extend *Tucker* on several occasions. *See United States v. Addonizio*, 442 U.S. 178, 187 (1979) (denying relief under *Tucker* where there is no evidence that the sentence was based on "misinformation of a constitutional magnitude."); *Custis v. United States*, 511 U.S. 485, 495-96 (1994) (declining to extend the right to collaterally attack prior convictions used for sentence enhancement beyond the failure to appoint counsel for an indigent defendant); *United States v. Bryant*, 579 U.S. 140, 155 n.8 (2016) ("Indeed, it is the validity of the prior conviction that distinguishes *Nichols* from *Tucker*, in which we found impermissible the use at sentencing of an invalid, uncounseled prior conviction.") The Court agrees with R&R's conclusion—*Tucker* does not provide a "clearly established" legal rule from which the Petitioner may claim relief under the facts of her case. When there is no clearly established federal law supporting a claim, relief may not be granted. *See Musladin*, 549 U.S. at 77.

In addition, after a thorough consideration of the record and applicable law, the R&R concludes there was no due process violation because Petitioner's sentence was not based on false information. The R&R states: "[t]he Arizona Court of Appeals determined the record did not indicate the judge discounted Petitioner's evidence of an abusive childhood, therefore, it was 'unlikely that corroborating information would have altered her sentence.'" (Doc. 57 at 15.) Petitioner fails to object to the R&R's analysis rejecting the merits of her Claim Three. (*See* Doc. 63 at 5-8.) The Court agrees with the R&R's analysis that, even if *Tucker* were extended to the facts of Petitioner's case, Petitioner has failed to show that the sentencing court actually relied on "misinformation of a constitutional magnitude" in imposing her sentence.

### C. Objection Regarding Claim Four

In her objection to Claim Four, the Petitioner concedes that the claim is non-cognizable as no clearly established law supports her position "that when the authority tasked with detaining her no longer believes it is lawful to do so, due process prohibits it." (Doc. 63 at 8.) Petitioner argues that the Court should recognize "the absurdity, unfairness, and cruelty of that situation, even if the Court concludes it is lawful." (*Id.*) Unfortunately, when there is no clearly established federal law supporting a claim, as here, relief may not be granted. *Musladin*, 549 U.S. at 77.

### D. Certificate of Appealability[2]

Petitioner requests a certificate of appealability (COA) so Petitioner can appeal the Court's ruling. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. See 28 U.S.C. § 2253(c)(3).

With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*.

In its prior Order, the Court denied Petitioner's Double Jeopardy claim in Claim One because she failed to demonstrate that the separate criminal counts of which she was

---

[2] Petitioner's statement that she will separately move for briefing on the propriety of a COA, (Doc. 63 at 4 n.2), appears to be an oversight. The same statement was included in her initial Objection to the Report and Recommendation, (Doc. 59). The Court struck that Objection and provided Petitioner additional time to file an Objection that "contain[ed] all of Petitioner's objections and briefing." (Doc. 62.)

convicted were based on the same harm. No reasonable jurist could debate that Count 1 of Petitioner's conviction contains a separate and distinct element from Counts 5-13, namely endangerment. (Doc. 53.) Further, this Court's exercise of its judicial duties in rejecting the parties' stipulated motion does not constitute a substantial showing of the denial of a constitutional right. Accordingly, a COA will not issue as to Claim One.

As to the merits Claim Two, Petitioner has failed to demonstrate that a reasonable jurist would find debatable the Court's assessment that there is no clearly established law that Petitioner's 61-year sentence is the functional equivalent to a life sentence without parole. The lack of clearly established law is not debatable among reasonable jurists.

As to the procedural ruling on Claim Two, Petitioner cannot show that reasonable jurists could debate whether the Court's ruling was correct. *See Slack*, 529 U.S. at 484. Petitioner admits that her procedural argument is foreclosed by Ninth Circuit precedent. (Doc. 63 at 5.) *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.")

As to Claim Three, Petitioner objected to the portion of the R&R concluding that *Tucker* was not "clearly established law" that would provide relief on the facts of her case. (Doc. 63 at 5-8.) Petitioner did not object to the R&R's further conclusion that no due process violation occurred because Petitioner's sentence was not based on false information. (*See id*; Doc. 57 at 13-15.) Consequently, Petitioner failed to make a substantial showing of the denial of a constitutional right, and a COA will not issue as to Claim 3.

As to Claim Four, the Petitioner conceded that the claim is noncognizable, and therefore a COA will not issue. The resolution of the claim is not debatable among reasonable jurists.

**IV.   Conclusion**

For the foregoing reasons, the Court concludes that Petitioner has failed to

demonstrate that she is entitled to relief on her Claims.

Accordingly,

**IT IS ORDERED** that the Petitioner's Objections are overruled and the Report and Recommendation (Doc. 57) is adopted in full.

**IT IS FURTHER ORDERED** that the Petitioner's First Amended Petition for Writ of Habeas Corpus (Doc. 27) is **denied**. The Clerk of Court must enter judgment accordingly and **close** its file in this action.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **denied**.

Dated this 7th day of February, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge